IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02794-GPG

TAMI KAISER,

    Plaintiff,

v.

JULIE OLSTROM, and
ABC PROPERTY MANAGEMENT,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Tami Kaiser, resides in Clifton, Colorado. She initiated this action by filing a Complaint (ECF No. 2) in which she purports to assert a claim of unlawful retaliation by a landlord against a tenant, pursuant to COLO. REV. STAT. § 38-12-509 (2014).

The Court construes the Complaint filed by Ms. Kaiser liberally because she is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* party must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

On October 15, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because it failed to invoke the Court's subject matter jurisdiction. Magistrate Judge Boland entered an order directing Ms. Kaiser to show cause, in writing, within 30 days, why the Complaint and this action should not be dismissed without prejudice for lack of subject matter jurisdiction. (ECF No. 4). After

obtaining an extension of time, Plaintiff filed her Response to Order to Show Cause on January 12, 2015. (ECF No. 16).

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative, at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (The issue of subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings.).

In her Complaint, Ms. Kaiser does not allege conduct by a state actor occurring under color of law, nor does she assert any claims arising under the Constitution, federal laws, or treaties of the United States. Instead, Plaintiff complains of private conduct by a private entity that implicates state statutory law. Ms. Kaiser therefore, cannot invoke this Court's jurisdiction on the basis of a federal question pursuant to 28 U.S.C. § 1331. Instead, she must satisfy the diversity jurisdiction statute, 28 U.S.C.

§ 1332, to maintain her action in federal court.

A plaintiff properly invokes § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.  See 28 U.S.C. § 1332(a); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); see also Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").  Ms. Kaiser fails to allege adequately a basis for exercising diversity jurisdiction over her state law claim.  She alleges that she and the Defendants are residents of Colorado.  Plaintiff further alleges that the amount in controversy is approximately $2,000.

In the Response to Order to Show Cause, Ms. Kaiser does not allege a basis for this Court to exercise diversity jurisdiction over her claim(s).  Her remedy, if any, is in the Colorado courts.  Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).  If Ms. Kaiser files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It is

FURTHER ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is DENIED as moot.

DATED January 16, 2015, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court